NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50300 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00866-SVW-1 |
| v. | |
| ALBERTO HERNANDEZ DIAZ, AKA Jesus Garcia, AKA Jesus Garcia-Dias, AKA Alberto Hernandez, AKA Pedro Lebrano, AKA Jesus Escalante Rabiela, AKA Arturo Ramirez, AKA Esiquin Roman, AKA Martina Roman, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 7, 2019**
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and SETTLE,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

Alberto Hernandez Diaz pled guilty to violations of 8 U.S.C. § 1326(a), (b)(2) for being a previously removed noncitizen found illegally in the United States. Because the parties are familiar with the facts, we do not recount them here. Although Hernandez Diaz's plea agreement included a limited waiver of his right to appeal his sentence, it does not preclude our review. The waiver's narrow language does not expressly encompass the issues raised, *see United States v. Jeronimo*, 398 F.3d 1149, 1152-53 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc), and ambiguity must be construed in Hernandez Diaz's favor, *see United States v. Cope*, 527 F.3d 944, 949-50 (9th Cir. 2008). We therefore have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Hernandez Diaz argues that the district court abused its discretion in rejecting the Federal Rule of Criminal Procedure 11(c)(1)(C) agreement, which stipulated to a 27-month sentence. We review a district court's rejection of a plea agreement for abuse of discretion. *See In re Morgan*, 506 F.3d 705, 708 (9th Cir. 2007).

The district court made a sufficiently individualized determination. The court waited to review Hernandez Diaz's complete pre-sentence report ("PSR") before deciding whether to accept the agreement. *Id.* at 711-12. After "read[ing] the report and the pleadings," it rejected the agreement on the record, explaining

2

that the proposed sentence was too lenient. Based on the PSR's recommendation and Hernandez Diaz's extensive criminal and deportation history, this conclusion was reasonable. *Id*. (explaining that "Rule 11 vests district courts with considerable discretion to assess the wisdom of plea bargains"). We see no abuse of discretion here.

2. Hernandez Diaz also argues that the district court, after rejecting the Rule 11(c)(1)(C) agreement, violated Rule 11(c)(5)'s procedures by failing to (1) personally ask him whether he wished to withdraw his guilty plea, *see* Fed. R. Crim. P. 11(c)(5)(B), and (2) advise him that the disposition could be less favorable if he did not withdraw his plea, *see* Fed. R. Crim. P. 11(c)(5)(C). Because Hernandez Diaz did not object below, we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 61-62, 74 (2002).

Whether the district court violated either prong of Rule 11(c)(5) makes no difference to the outcome here. Hernandez Diaz fails to show any "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Hernandez Diaz does not allege that he misunderstood his right to withdraw his plea or that he might have done so if the court had better advised him. Moreover, after those alleged errors, he accepted an amended plea agreement, proposing a sentence that was nearly three times as long as the initial, rejected agreement. Because this "tends to show

3

that the [alleged] Rule 11 error made no difference to the outcome here," *id*. at 85,

we conclude there was no plain error.

**AFFIRMED.**